## JEREMIAH GOODWIN *vs.* SELDEN HUNTINGTON *& als.*

If a debtor be arrested on mesne process, and give bond to his creditor to procure his release, pursuant to the provisions of the *stat.* 1835, *c.* 195, for the relief of poor debtors, such bond is subject to chancery, and upon breach thereof, execution is to issue for such amount only as is found to have been actually sustained, according to equity and good conscience; the amount of the judgment in the process on which the arrest is made, being but *prima facie* evidence of the amount of damages.

EXCEPTIONS from the Court of Common Pleas, WHITMAN C. J. presiding.

The plaintiff commenced an action against *Huntington* for the *May Term* of the C. C. Pleas, 1837, in this county, and his body was arrested upon the writ, and he gave the bond declared on, dated *March* 15, 1837, to procure his release from arrest. The bond was in the form required by the poor debtor acts of 1835 and 1836. At the *October Term*, 1837, the plaintiff recovered judgment against *Huntington* for the sum of $4133,75, damage, and 10,39, costs of suit. At the trial the defendants attempted to show that the condition of the bond had been performed, but the ruling of the Judge was that the facts did not show a performance. They then offered evidence tending to prove that at the time the bond was given, and ever since, *Huntington* was wholly insolvent and unable to pay his debts.

The plaintiff contended, that the measure of damages was the amount of his judgment against *Huntington*. The defendants contended, that if there was a breach of the condition of the bond, the plaintiff was entitled to recover only the damages he had sustained, to be ascertained by the jury.

The Judge ruled, that the judgment was not conclusively the measure of damages; and that the burthen of proof was upon the plaintiff in the first instance, to show the amount of his damages; and that the judgment was *prima facie* evidence of his damages. But that the defendants had a right to show that the actual damages were less; and that the jury were not bound to return their verdict for any more damages than it should appear that the plaintiff had actually sustained. The jury returned a verdict for the plaintiff, and assessed the damages at one dollar. The plaintiff filed exceptions to the instructions.

Goodwin *v.* Huntington.

*A. G. Goodwin,* for the plaintiff, argued, that the true measure of damages was the amount of the judgment in favor of the plaintiff in the suit in which the bond was taken. The bond was taken strictly according to the statute, and in such case, the damages are never reduced below the debt, costs, and interest. He cited *Stat.* 1784, *ch.* 41, § 9 ; *Clapp* v. *Cofran,* 7 *Mass. R.* 98 ; *Freeman* v. *Davis, ib.* 200 ; *Burroughs* v. *Lowder,* 8 *Mass. R.* 373 ; *Call* v. *Hagger, ib.* 423 ; *Smith* v. *Stockbridge,* 9 *Mass. R.* 221 ; *Whiting* v. *Putnam,* 17 *Mass. R.* 175 ; *Whitehead* v. *Varnum,* 14 *Pick.* 523 ; *Stat.* 1824, *ch.* 281 ; *Baker* v. *Haley,* 5 *Greenl.* 240 ; *Kavanagh* v. *Saunders,* 8 *Greenl.* 422 ; *Stat.* 1822, *c.* 209, § 4 ; *Stat.* 1831, *ch.* 520 ; *Stat.* 1835, *ch.* 195, § 7 ; *Stat.* 1836, *c.* 244, § 4 ; *Cordis* v. *Sager,* 2 *Shepl.* 475. The last case was supposed to be decisive of this, and had not been seen until after the argument had been prepared.

*N. D. Appleton,* for the defendants, insisted, that the instructions of the Judge were strictly according to law and justice. To show the principles and rules by which the Court should be governed in giving a construction to statutes, he cited *Gore* v. *Brazier,* 3 *Mass. R.* 540 ; *Richardson* v. *Daggett,* 4 *Mass. R.* 534 ; *Gibson* v. *Jenney,* 15 *Mass. R.* 205 ; *Pearce* v. *Atwood,* 13 *Mass. R.* 324 ; *Butler* v. *Ricker,* 6 *Greenl.* 268. There is a distinction between bonds taken when the body is arrested on mesne process and on execution. In the former, it is subject to chancery, and the creditor is entitled only to the damages actually sustained. *Stat.* 1830, *c.* 463, § 1 ; *stat.* 1821, *c.* 50 ; 6 *Dane, c.* 196, *art.* 1, § 12 ; *ib. c.* 176, *art.* 5, § 2, 19 ; *Winthrop* v. *Dockendorff,* 3 *Greenl.* 156 ; *Wilson* v. *Gillis,* 3 *Shep.* 55.

The opinion of the Court was prepared by

WESTON C. J. — The amount for which judgment should be rendered, and execution issue, upon jail bonds, under the laws of *Massachusetts,* was regulated by statute. So it is also upon bail bonds, in virtue of the act, regulating bail in civil actions. *Stat.* of 1821, *c.* 67. And the *stat.* 1835, *c.* 195, for the relief of poor debtors, § 8, when the debtor gives bond, upon being arrested or imprisoned on execution, provides expressly for what sum judgment shall be rendered and execution shall issue.

The bond in question was taken on mesne process, in virtue of the seventh section of the same statute. It does not provide, upon forfeiture, for what sum the obligors shall be liable to be charged in execution. It is incident to bonds, with penalties, conditioned for the payment of money, or the performance of any other stipulations or agreements, to be subject to chancery, where execution is to issue for what is found to be due, according to equity and good conscience. This is provided for by statute of 1821, *c.* 50.

We are aware of no exception, unless in certain cases, where the law prescribes a special mode of liquidation. Upon the question raised, the section of the statute of 1835, under which this bond was taken, corresponds exactly in principle with the statute of 1831, *c.* 520, § 12, and it has been decided, that a bond taken upon *mesne process*, under the twelfth section of that statute, is subject to chancery. *Wilson* v. *Gillis & al.*, 15 *Maine R.* 55.

*Cordis & al.* v. *Sager & als.* 14 *Maine R.* 475, cited for the plaintiff, was debt upon a bond, under the 12th section of the *stat.* of 1831. It turned altogether upon other points, there brought into controversy. No evidence was adduced to extenuate the damages sustained, nor was it urged, that they ought to be reduced below the amount of the original judgment against the principal. That was *prima facie* the sum, to which the plaintiffs were there entitled; and it was adjudged accordingly. And so the Judge ruled in the case before us.                    *Exceptions overruled.*